ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| SALVADOR PÉREZ ACEVEDO<br><br>Recurrido<br><br>v.<br><br>ÁNGEL LÓPEZ Y OTROS<br><br>Peticionario | TA2025CE00460 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: PO2025CV01683<br><br>Sobre: Incumplimiento de Contrato; Daños |
|---|---|---|

Panel integrado por su presidente el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 24 de septiembre de 2025.

Comparece Ángel López ("señor López" o "Peticionario"), por derecho propio, mediante *Certiorari*, y nos solicita que revisemos la *Orden* emitida y notificada el 2 de septiembre de 2025, por el Tribunal de Primera Instancia ("TPI"). Mediante el referido dictamen, el TPI le ordenó al peticionario a comparecer representado por abogado en un término de treinta (30) días.

Por los fundamentos que proceden, se expide el auto de *certiorari* solicitado y se *revoca* el dictamen recurrido.

**I.**

El 17 de junio de 2025, Salvador Pérez Acevedo ("señor Pérez Acevedo" o "Recurrido") instó una *Demanda* sobre daños y perjuicios, incumplimiento contractual y fraude contra el señor López, entre otros. Tras varias instancias, el 11 de agosto de 2025, el peticionario, por derecho propio, notificó su *Contestación a Demanda y Reconvención*. Consecuentemente, el 12 de agosto de 2025, el foro de instancia le ordenó al señor Pérez Acevedo a contestar la reconvención en el término que disponen las Reglas de Procedimiento Civil.

El 13 de agosto de 2025, el recurrido presentó una *Moción de Desestimación de la Reconvención*. Ante ello, el 19 de agosto de 2025, el TPI le ordenó al señor López a exponer su posición en cuanto a la solicitud de desestimación.

En cumplimiento, el 2 de septiembre de 2025, el peticionario instó su *Oposición a: "Moción de Desestimación de la Reconvención"*. Ese mismo día, el TPI dictaminó una *Orden a las Partes*, en la cual dispuso lo siguiente: "[...] se ordena al codemandado Ángel López comparecer mediante representación legal en el término de 30 días."[1]

El 10 de septiembre de 2025, el señor Pérez Acevedo notificó una *Réplica a Oposición de Moción de Desestimación de la Reconvención*. En igual fecha, el foro de instancia emitió una *Orden a la Parte Demandada*, mediante la cual reiteró que el peticionario debía comparecer mediante representación legal en el término de treinta (30) días.

Inconforme, el 16 de septiembre de 2025, el señor López, por derecho propio, compareció ante nos mediante *Certiorari*. El peticionario realizó el siguiente señalamiento de error:

> **Cometió un grave error en derecho el Honorable Juez de Primera Instancia al suspender el derecho fundamental del peticionario a su autorrepresentación en el caso civil PO2025CV01683, sin la celebración de vista y sin la explicación válida que requieren los criterios de la Regla 9.4 de las de Procedimiento Civil; aún cuando ya había aceptado tácitamente dicha representación; incurriendo así en una crasa violación al debido proceso de ley – constitucional estatuido jurisprudencialmente en el caso de *Lizarríbar v. Martínez Gelpí*, 121 DPR 770 y reafirmado en el caso de *Pueblo v. Cruz Laureano*, 2004 TSPR 079.**

El 17 de septiembre de 2025, este Tribunal le concedió un término a la parte recurrida para exponer su oposición al recurso. No obstante, hemos examinado el recurso y optamos por prescindir de los términos, escritos y procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7 (B)(5) del Reglamento del Tribunal de

---

[1] Apéndice del recurso, Anejo Núm. 2.

Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 13, 215 DPR __ (2025).

## II.

### -A-

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *Rivera et als. v. Arcos Dorados,* 212 DPR 124 (2023); *800 Ponce de León Corp. v. American International Insurance,* 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC*, 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra*; *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el

Tribunal de Apelaciones no tiene que fundamentar su decisión. 32 LPRA Ap. V, R. 52.1.

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari*, la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para analizar el problema.
C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre*

*Matos v. Juelle Albello*, 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**-B-**

La Regla 9.4 de Procedimiento Civil, 32 LPRA Ap. V., R. 9.4, regula lo concerniente a la representación por derecho propio en pleitos civiles. En específico, la aludida regla establece que la persona que se represente a sí misma deberá cumplir con los siguientes requisitos:

(a) que la persona no está representada por abogado o abogada;

(b) que la decisión de autorrepresentación es voluntaria e inteligente, así como con pleno conocimiento de causa y de que la persona será tratada como cualquier otra parte representada por abogado o abogada;

(c) que la persona puede representarse a sí misma de manera adecuada, de acuerdo a la complejidad de la controversia a adjudicarse;

(d) que la persona tiene los conocimientos mínimos necesarios para defender adecuadamente sus intereses, cumplir con las reglas procesales y alegar el derecho sustantivo aplicable, y

(e) que la autorrepresentación no va a causar o contribuir a una demora indebida o a una interrupción de los procedimientos, que no entorpecerá la adecuada administración de la justicia ni atentará contra la dignidad del tribunal, de las partes o de sus abogados o abogadas.

Nuestro más Alto Foro ha enfatizado que el derecho a la autorrepresentación no es ilimitado ni absoluto, y el tribunal deberá asegurarse de que la persona cumple con estos requisitos a partir de su comparecencia inicial y durante todo el proceso. *Lizarríbar v. Martínez Gelpí*, 121 DPR 770, 784 (1988); Regla 9.4 de Procedimiento Civil, *supra*. Ello, puesto a que el incumplimiento con alguno de dichos requisitos será causa justificada para suspender su autorrepresentación. *Íd.*

Cada uno de estos criterios deberán ser justamente balanceadas por el tribunal, atendiendo las circunstancias particulares del caso, los intereses de las partes y la eficiencia en la administración de la justicia. *Lizarríbar v. Martínez Gelpí, supra*, 786. Si el Tribunal decide que

procede tal suspensión, deberá ordenarle a la persona que, en un plazo determinado, comparezca representada por abogado. Regla 9.4 de Procedimiento Civil, *supra.*

Finalmente, cabe destacar que el Tribunal no está obligado a ilustrar a la persona que se representa por derecho propio, ni a nombrarle abogados para que le asesoren durante el proceso, ni a inquirir respecto a las razones por las cuales ha elegido la autorrepresentación, aunque en los casos que estime conveniente para lograr la sana administración de la justicia, deberá así hacerlo. *Íd.*

### III.

El peticionario arguye que el foro de instancia incidió al ordenarle a comparecer representado por abogado. De manera específica, señala que el TPI no tomó en consideración los requisitos enumerados en la Regla 9.4 de Procedimiento Civil, *supra.* Le asiste la razón. Veamos.

Según hemos reseñado, nuestro ordenamiento reconoce el derecho a representarse por derecho propio. Sin embargo, la persona que desee autorrepresentarse deberá cumplir con los requisitos de la Regla 9.4 de Procedimiento Civil, *supra.* De incumplir con cualquiera de estos requisitos, el tribunal tendrá causa justificada para suspender la autorrepresentación.

Sin embargo, previo a ello, el foro de instancia deberá cerciorarse de que la persona incumple con alguno de referidos requisitos. Solo así, es decir, al mediar justa causa, se podrá suspender una representación por derecho propio.

En el caso que nos ocupa, no surge del expediente que el foro de instancia hubiera realizado el balance de criterios necesario, antes de suspender la autorrepresentación del aquí peticionario. Incluso, el TPI aceptó su contestación a la demanda y reconvención, así como la oposición a la solicitud de desestimación, sin hacer ningún planteamiento con relación a la representación por derecho propio. Más aún, el expediente se

encuentra ausente de expresión o advertencia alguna relacionada a la suspensión del derecho.

Por tanto, resulta forzoso concluir que el foro de instancia incidió al suspender la autorrepresentación del peticionario, sin realizar el análisis correspondiente o realizarle alguna advertencia al peticionario. El TPI vendrá obligado a sopesar los criterios de la Regla 9.4 de Procedimiento Civil, *supra*, y emitir una determinación justificada.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte de esta Sentencia, se expide el auto de *certiorari* y se *revoca* el dictamen recurrido. Se devuelve al Tribunal de Primera Instancia para la continuación de los procedimientos, conforme a lo aquí dispuesto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones